**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIANA C. LOPEZ,

          Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant - Appellee.

No. 11-15774

D.C. No. 2:09-cv-01955-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted October 16, 2012
San Francisco, California

Before: TALLMAN, CALLAHAN, and HURWITZ, Circuit Judges.

      Claimant-appellant Diana Lopez ("Lopez") appeals the district court's

judgment affirming the Commissioner's denial of her application for disability

insurance under Title II of the Social Security Act. Lopez alleges that she is

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

disabled because of a combination of mental and physical impairments with an onset date of August 12, 1997. We have jurisdiction, 28 U.S.C. § 1291, and we reverse and remand for a calculation of benefits.

The ALJ failed to provide sufficiently specific findings, supported by the record, to ensure that Lopez's testimony was rejected on permissible grounds. *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991). The record does not support the ALJ's findings that Lopez's symptoms could be controlled with treatment, that Lopez failed to comply with her treatment regime, or that Lopez's lack of weight loss, diffuse atrophy, or muscle wasting is indicative of a lower level of pain than Lopez alleged. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." (internal quotation marks omitted)). The record also does not support the ALJ's finding that Lopez was able to maintain a normal level of daily activity and interaction. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))).

The ALJ's reasons for giving little weight to the medical opinions of Dr. Parkin, Lopez's treating physician, are neither specific and legitimate nor based on substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th

Cir. 2002). Other treating physicians did not offer assessments that conflicted with Dr. Parkin's opinion. The examining physician's diagnoses were the same as Dr. Parkin's but his conclusions varied; the ALJ did not provide specific, legitimate reasons for crediting those conclusions over those of Dr. Parkin's. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). In addition, the ALJ's finding that Dr. Parkin's opinion was less credible because there were "oddities" in his treatment notes is not based on substantial evidence in the record. *Id.* at 633.

The ALJ also erred by failing to consider the testimony of Lopez's daughter. *See* 20 C.F.R. § 404.1529(a). "[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence . . . and therefore *cannot* be disregarded without comment." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks omitted). Because her daughter's testimony largely corroborated Lopez's own testimony and the medical opinions of Dr. Parkin, the error is not harmless. *See id.* at 1056 ("[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

In light of these errors, the ALJ's conclusion that Lopez could perform her past work is legally insufficient. Because this case has been remanded twice

before, we see no point in giving the Commissioner a fourth opportunity to determine the claimant's eligibility. We reverse and remand for an award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) ("We may direct an award of benefits where the record has been fully developed and where further proceedings would serve no useful purpose.").

REVERSED and REMANDED.